IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-50697
Summary Calendar
_____

AN THI MCCAHON,

                              Plaintiff-Appellant,

versus

FELECIA WILLIAMS,

                              Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. A-99-CV-436-JN
--------------------
February 9, 2001

Before SMITH, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

       An Thi McCahon appeals the summary judgment on the ground of
qualified immunity in favor of defendant Felecia Williams regarding
a request for an arrest warrant.  McCahon alleges that Williams's
actions in seeking an arrest warrant were not objectively
reasonable because there was no probable cause to support a
conclusion that McCahon made a false statement to a police officer.
Williams's affidavit provided sufficient support for a finding of
probable cause.  See Malley v. Briggs, 475 U.S. 335, 345 (1986).

_____

       [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

McCahon also alleges that McCahon's actions were objectively unreasonable because McCahon made the report in Collin County and therefore she could not be tried for the crime in Travis County, from which the warrant issued. She has failed to show that the magistrate judge in Travis County could not have issued the arrest warrant. See TEX. CRIM. P. CODE ANN. art. 15.03(a)(2) (Vernon 2000). Williams's actions in seeking the warrant in Travis County were therefore objectively reasonable.

McCahon finally asserts that, even if a finding of probable cause exists, this court should go beyond that finding to balance the interests of the individual against the state. Such a balancing test should be conducted after a finding of probable cause only in "extraordinary" circumstances involving "searches or seizures conducted in an extraordinary manner, unusually harmful to an individual's privacy or even physical interests[.]" See, e.g., Whren v. United States, 517 U.S. 806, 818 (1996) (direct appeal of criminal conviction). Williams's actions in obtaining an arrest warrant against McCahon did not harm McCahon's privacy or physical interests to any unusual degree. The district court's grant of summary judgment in favor of Williams on the grounds of qualified immunity is AFFIRMED.